UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-812 AG (MLGx) | | Date | July 28, 2008 |
|---|---|---|---|---|
| Title | ALLIED PROFESSIONALS INSURANCE CO. v. KONG | | | |

| Present: The Honorable | ANDREW J. GUILFORD, U.S. District Judge | |
|---|---|---|
| Lori Anderson for Lisa Bredahl | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   [IN CHAMBERS] MINUTE ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

On July 22, 2008, Plaintiff filed in federal court its Petition to Compel Arbitration ("Petition"). The Petition claims that jurisdiction is proper over this matter under the 9 U.S.C. § 4, and alternatively under 28 U.S.C. § 1332.

The first statute cited by Plaintiff as a creating federal jurisdiction over this matter, 9 U.S.C. § 4, is a section of the Federal Arbitration Act.  In *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 25 n.32 (1983), the United States Supreme Court noted the limitations of the Federal Arbitration Act and specifically of § 4, as a basis for federal jurisdiction:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U. S. C. § 1331[] or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.

Because 9 U.S.C. § 4 is not an independent basis for federal jurisdiction, the Court turns to consider Plaintiff's alternative claim that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  The complaint is deficient in this regard because it sets forth only the residence, rather than the citizenship, of Defendant Joanne Kong.  28 U.S.C. § 1332(a); *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 08-812 AG (MLGx) | Date | July 28, 2008 |
|---|---|---|---|
| Title | ALLIED PROFESSIONALS INSURANCE CO. v. KONG | | |

necessarily domiciled there, and thus is not necessarily a citizen of that state.").

The Court orders Plaintiff to show cause in writing, by August 8, 2008, why this action should not be dismissed for lack of subject matter jurisdiction. Defendant may submit a response no later than August 18, 2008, but is not ordered to do so. An amended Petition correcting the deficiencies will be deemed a sufficient response to this Order.

: 0

Initials of Preparer   lma